Seth J. Tait (#9654)
OLSON & HOGGAN, LLC
130 South Main, Suite 200
P.O. Box 525
Logan, Utah 84323-0525
Telephone: (435) 752-1551
Fax: (435) 752-2295
sjt@oh-pc.com

*(Tremonton Office – Mondays)*
123 East Main
P.O. Box 115
Tremonton, Utah 84337
Telephone: (435) 257-3885
Fax: (435) 257-0365

*Attorneys for Defendant DeClark*

# IN THE UNITED STATE DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| RILEE A. LUTZ,<br><br>    Plaintiff,<br>vs.<br><br>BEAR LAKE COUNTY, BEAR LAKE COUNTY SHERIFF'S OFFICE, SHERIFF BART HESLINGTON, MATTHEW KUNZ, ADAM MCKENZIE, HANNAH DECLARK; AND DOES 1-X,<br><br>    Defendants. | Civil No. 4:24-CV-00182-REP<br><br>**ANSWER TO COMPLAINT AND COUNTERCLAIM** |

Defendant, Hannah DeClark ("Hannah"), by and through his undersigned counsel, Seth J. Tait of OLSON & HOGGAN, LLC, responds to the allegations of Plaintiff's Complaint as follows:

  1.  Hannah denies paragraph 1 of the Complaint because it does not express any legal basis for subject-matter jurisdiction over the claim asserted against her.

  2.  Hannah admits paragraphs 2, 8, 14, 36, 38, 58, 60 – 61, 63 – 64, 98 – 101, 190 – 191, 289 – 291, and 302 of the Complaint.

3. In response to paragraphs 3 – 7, 10 –11, 15 – 35, 42, 44 – 46, 54 – 55, 75 – 79, 97, 102 - 104, 109, 117 – 120, 142, 157, 169 – 182, 195 – 196, 198, 200 – 210, 212 – 215, 217 – 224, 229 – 232, 234 – 237, 239 – 240, 242 – 250, 252 – 265, 267 – 274, 276 – 279, 281 – 287, 296, 300 – 301, and 303 - 306 of the Complaint, Hannah is without sufficient knowledge to either admit or deny the allegations contained in those paragraphs and therefore denies the same.

4. Paragraph 9 of the Complaint does assert allegations to which a response is required, but to the extent it does, Hannah denies the same.

5. Paragraph 12 of the Complaint does assert allegations to which a response is required, but to the extent it does, Hannah denies the same.

6. In response to paragraph 13 of the Complaint, Hannah incorporates her response as indicated above to any incorporated paragraph.

7. Hannah denies paragraphs 37, 48, 50, 184, 186 – 189, 193 – 194, 292 – 295, 299, 311, and 313 - 316 of the Complaint.

8. In response to paragraphs 39-41, 43, 47, 51 – 53, 56, 65 – 74, 80 – 96 of the Complaint, Hannah cannot remember verbatim what was said during the first interview with Sheriff Heslington and therefore cannot admit or deny exact statements or implications from the conversation, but she generally admits that during the first interview she was afraid to get Plaintiff in trouble and was protective of her. Hannah denies any and all other allegations in those paragraphs of the Complaint.

9. In response to paragraph 57 of the Complaint, Hannah does not know the exact date the season ended but generally admits it was in May of 2022.

10. In response to paragraph 59 of the Complaint, Hannah does not remember the exact date but generally admits it was in June 2022.

11. In response to paragraph 62 of the Complaint, Hannah does not remember the exact date but generally admits it was in June 2022.

12. In response to paragraphs 105 - 108, 110 – 116, 121 – 141, 143 – 156, 158 - 165 of the Complaint, Hannah cannot remember verbatim what was said during the second interview with Sheriff Heslington and therefore cannot admit or deny exact statements or implications from the conversation, but she generally admits that during the second interview she was afraid to get Plaintiff in trouble and was protective of her. Hannah denies any and all other allegations in those paragraphs of the Complaint.

13. Responding further to paragraph 124 of the Complaint, Hannah denies that Sheriff Heslington "outed" her as a lesbian in front of her mother. Hannah's parents had known about Hannah's sexual orientation for at least a year by that time.

14. In response to paragraph 166 of the Complaint, Hannah does not remember the exact date and therefore cannot admit or deny such specifics, but she generally admits she met with Sheriff Heslington to review contents of her phone sometime in the December 2022 timeframe.

15. In response to paragraph 167 of the Complaint, Hannah does not remember the exact number of images and therefore cannot admit or deny such specifics, but she generally admits she met with Sheriff Heslington to review contents of her phone sometime in the December 2022 timeframe.

16. In response to paragraph 168 of the Complaint, Hannah does not remember the exact images and cannot affirm or deny the allegations in paragraph 168 and therefore deny the same. Hannah affirmatively alleges that during their relationship Plaintiff was careful to instruct her to delete text messages and images that were suggestive of a sexual relationship.

17. In response to paragraphs 183 and 185 of the Complaint, Hannah cannot remember exact dates and therefore cannot admit or deny such details, but she generally admits that she met with officials the spring of 2023 to discussing testifying in court.

18. In response to paragraph 192 of the Complaint and its subparts, Hannah admits she testified in court although she does not remember the specific date. Hannah cannot remember verbatim what she said but she generally admits that she truthfully testified that she and Plaintiff had engaged in a sexual relationship that involved the touching of genitals over and under the clothing before she turned 18 years old.

19. In response to paragraphs 197, 199, 211, 216, and 226 of the Complaint, Hannah generally admits she met with the prosecutor on various occasions but she cannot remember specific dates enough to affirm or deny the specific allegations in those paragraphs.

20. In response to paragraph 225 of the Complaint, Hannah generally admits the presence of videos, photos, or text messages but denies the legal conclusions drawn by Plaintiff in the paragraph and therefore denies the same.

21. In response to paragraph 227 of the Complaint, Hannah generally admits she pled guilty as part of a plea agreement but denies any and all remaining allegations in paragraph 227.

22. In response to paragraphs 228, 233, 238, 241, 251, 266, 275, 280, and 288 of the Complaint, Hannah incorporates her response as indicated above to any incorporated paragraph.

23. In response to paragraphs 296 – 298 of the Complaint, Hannah admits that she at some point may have referred to Plaintiff as her "sugar mamma" because of the sexual relationship she had with Plaintiff but she does not have information sufficient to admit or deny whether such a statement was recorded and by whom it was recorded. Hannah denies any and all other allegations in paragraphs 296 – 298 of the Complaint.

24. In response to paragraphs 307 of the Complaint, Hannah cannot remember verbatim what was said during the first interview with Sheriff Heslington and therefore cannot admit or deny exact statements or implications from the conversation, but she generally admits that during the first interview she was afraid to get Plaintiff in trouble and was protective of her.

25. In response to paragraph 308 - 310 of the Complaint, Hannah cannot remember verbatim what was said during the first interview with Sheriff Heslington and therefore cannot admit or deny exact statements or implications from the conversation, however, Hannah affirmatively alleges that to the best of her recollection Plaintiff texted or messaged Hannah expressing her romantic interest in Hannah and therefore denies any and all allegations in paragraphs 308 – 310 to the contrary.

**FIRST DEFENSE**
(Failure to State a Claim)

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE**
(Superseding Cause)

Plaintiff's alleged damages were caused by a superseding, intervening cause, which cause bars Plaintiff's claims.

## THIRD DEFENSE
(Allocation of Fault)

To the extent the injury complained of was proximately caused by the acts or omissions of other unknown third parties, fault should be allocated to those parties.

## FOURTH DEFENSE
(Privilege)

All or some of Plaintiff's claims are barred to the extent the alleged statements upon which Plaintiff relies were privileged under Idaho law.

## ADDITIONAL DEFENSES AND RESERVATION OF RIGHTS

Hannah denies any allegations in Plaintiff's Complaint to which Hannah did not specifically respond. Hannah reserves the right to raise, assert, rely upon, or add any new or additional defenses that may exist or in the future be applicable based on discovery and further factual investigation. Hannah also reserves the right to amend any and all defenses set forth above as discovery proceeds.

WHEREFORE, Defendant requests that Plaintiffs' Complaint be dismissed with prejudice and that Defendant be awarded attorney fees, litigation expenses and costs as provided by law or equity and other and further relief against Plaintiff as the Court deems just and proper.

## DEFENDANT'S COUNTERCLAIM

## PARTIES, JURISDICTION, AND VENUE

1. Counter-Plaintiff, Hannah DeClark ("Hannah"), is an individual residing in Bear Lake County, Idaho.

2. Counter-Defendant, Rilee A. Lutz ("Lutz"), is an individual residing in Bear Lake County, Idaho.

3. This Court has supplemental jurisdiction to hear and decide Counter-Plaintiff's claim under 28 U.S.C. § 1367(a) because the claim arises from the same set of operative facts giving rise to Counter-Defendant's causes of action set forth in her Complaint.

4. Venue for Counter-Plaintiff's claim is proper in the United States District Court for the District of Idaho pursuant to 28 U.S.C. § 1391(b) because the claim arose and the Counter-Defendant resides in the foregoing district.

## GENERAL ALLEGATIONS

5. Beginning in approximately March, 2022 and ending June 9, 2022 (the "Relevant Time"), Hannah was only 17 years old.

6. During the Relevant Time, Lutz was an adult who was more than five years older than Hannah.

7. Prior to the Relevant Time, Lutz had been a softball coach on teams on which Hannah played.

8. During the Relevant Time, Lutz was an assistant softball coach for Bear Lake High School.

9. During the relevant Time, Hannah played on the Bear Lake High School softball team of which Lutz was an assistant coach.

10. Before and during the Relevant Time, Lutz groomed Hannah such that Hannah would trust Lutz with sexual advances.

11. During the Relevant Time, as frequently as once per week, Lutz committed lewd and lascivious acts with Hannah and upon Hannah's body including, but not limited to, touching the genitals of Hannah and allowed Hannah to touch Lutz' genitals.

12. During the Relevant Time, as frequently as once per week, Lutz involved Hannah explicit sexual conduct including, but not limited to, erotic fondling and sexual excitement.

13. Lutz engaged in the preceding conduct up until the day after Hannah turned 18 years old, or on or about June 10, 2022, at which point Lutz ended the relationship with Hannah telling Hannah she was too immature.

## FIRST CAUSE OF ACTION
(Battery)

14. Hannah re-alleges and incorporates by reference the allegations in the preceding paragraphs of this Counterclaim.

15. During the Relevant Time Lutz intentionally touched Hannah in her breasts and genitals.

16. Hannah could not permit the touching because Hannah was only 17 years old.

17. Lutz knew the touching was not permitted.

18. The touching was unlawful, harmful and offensive.

19. As a proximate and direct result of the touching, Hannah suffered damages in an amount to be proven at trial.

20. Therefore, Hannah is entitled to judgment against Lutz in an amount to be proven at trial, which amount shall also include punitive damages.

## SECOND CAUSE OF ACTION
(IIED)

21. Hannah re-alleges and incorporates by reference the allegations in the preceding paragraphs of this Counterclaim.

22. Lutz' touching of Hannah was intentional or reckless.

23. Lutz' touching of Hannah is extreme and outrageous conduct.

24. Lutz' touching of Hannah was the cause of Hannah suffering severe emotional distress.

25. Therefore, Hannah is entitled to judgment against Lutz for the damages she has suffered in an amount to be proven at trial, and that amount should include punitive damages.

## THIRD CAUSE OF ACTION
(NIED)

26. Hannah re-alleges and incorporates by reference the allegations in the preceding paragraphs of this Counterclaim.

27. Lutz owed Hannah a duty of care.

28. Lutz breached that duty of care by sexually abusing Hannah during the time Hannah was a minor.

29. As a direct and proximate result of Lutz' touching of Hannah, Hannah suffered damages and emotional distress.

30. Therefore, Hannah is entitled to judgment against Lutz in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
(Negligence)

31. Hannah re-alleges and incorporates by reference the allegations in the preceding paragraphs of this Counterclaim.

32. Lutz owed Hannah a duty of care.

33. Lutz breached that duty of care by sexually abusing Hannah during the time Hannah was a minor.

34. As a direct and proximate result of Lutz' touching of Hannah, Hannah suffered damages.

35. Therefore, Hannah is entitled to judgment against Lutz in an amount to be proven at trial.

### FIFTH CAUSE OF ACTION
(Abuse of Process)

36. Hannah re-alleges and incorporates by reference the allegations in the preceding paragraphs of this Counterclaim.

37. Lutz has an ulterior and improper purpose of including Hannah in Lutz' Complaint in this case, namely, to intimidate and harass Hannah for Hannah's involvement in testifying against Lutz in that certain criminal proceeding currently pending in the Sixth Judicial Court of Idaho, Bear Lake County, Case No. CR04-23-0089.

38. Lutz' purpose in including Hannah in Lutz' Complaint for the purpose of intimidating and harassing her was a willful act that is not proper in the regular conduct of the civil proceeding.

39. As a direct and proximate result of Lutz' abuse of civil process, Hannah suffered damages, including the need to incur attorney fees in defending herself.

40. Therefore, Hannah is entitled to judgment against Lutz in an amount to be proven at trial, which amount includes Hannah's attorney fees incurred in defending Lutz' Complaint.

## **PRAYER FOR RELIEF**

Wherefore, Hannah prays for judgment against Lutz as follows:

1. For a judgment against Lutz for an amount of damages to be proven at trial;

2. For an award of attorney fees, costs, and expenses of litigation incurred by Hannah in defending against Lutz' Complaint, as well as bringing this Counterclaim, as is provided for in law or equity; and

3. For such other and further relief as the Court deems just and equitable under the premises.

DATED this 9th day of May, 2024

OLSON & HOGGAN, LLC

 /s/ Seth J. Tait
Seth J. Tait
*Attorneys for Defendant Hannah DeClark*

# CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of May, 2024, a true and correct copy of the foregoing **ANSWER TO COMPLAINT AND COUNTERCLAIM**, was sent via electronic notification through the Court's e-filing system and/or by mail (postage prepaid), to the following:

Kristian Beckett
Frank Schreiber
BECKETT LAW FIRM
PO BOX 4
Kuna, Idaho 83634
Kristian@beckettlegal.com


/s/ Seth J. Tait

https://ohpc.sharepoint.com/sites/ClientFiles/Shared Documents/SJT/Clients/DeClark, Hannah/Answer and Counterclaim/Answer and Counterclaim.DeClark.1.doc